# Court of Appeals
# of the State of Georgia

ATLANTA,__May 27, 2022_____

*The Court of Appeals hereby passes the following order:*

**A22A1312. CHAZREL J. BURTON v. THE STATE.**

Appellant Chazrel J. Burton pleaded guilty to numerous offenses in April 2016. On July 17, 2019, he filed a motion for out-of-time appeal, as later amended, and a motion reserving his alleged right to withdraw his guilty plea once his out-of-time appeal was granted. On September 3, 2020, the trial court entered an order granting Appellant's motion for out-of-time appeal and dismissing his motion to withdraw his guilty plea as untimely. On September 15, 2020, Appellant filed a pro se "Place Holder Motion to Withdraw Guilty Plea," alleging that because he had been granted the right to file an out-of-time appeal, he was now entitled to withdraw his guilty plea.

On October 1, 2020, Appellant filed a pro-se notice of appeal to this Court. Appellant was thereafter appointed an attorney, and on August 4, 2021, counsel filed an "Amended Motion to Withdraw Guilty Plea and Motion to Resolve Post-Conviction Status,"requesting, among other things, a ruling on Appellant's motion to withdraw his guilty plea. On November 23, 2021, the trial court entered an order dismissing Appellant's pending and prior motions to withdraw his guilty plea pursuant to *Schoicket v. State*, 312 Ga. 825 (865 SE2d 170) (2021), in which the Georgia Supreme Court held that "a granted motion for out-of-time appeal does not confer a right to file an otherwise-untimely motion to withdraw a guilty plea." Id at 833.

On March 15, 2022, the Supreme Court of Georgia issued *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (2022 Ga. LEXIS 65, 2022 WL 779746) (Case No. S21A1270, decided March 15, 2022), holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at (5) (slip op. at 82). On April 14, 2022, Appellant's appeal from the trial court's September 3, 2020 order granting his motion for an out-of-time appeal and dismissing his motion to withdraw his guilty plea

was docketed in this Court as Case No. A22A1312. On April 27, 2022, the State filed a motion requesting that this Court vacate the trial court's September 3, 2020 order and remand with instructions to dismiss Appellant's motion for out-of-time appeal pursuant to *Cook*. On May 1, 2022, counsel for Appellant filed a motion acknowledging the authority of *Cook*, stating, in essence, that he did not intend to file a response to the State's motion.

*Cook* applies to "all cases that are currently on direct review or otherwise not yet final, and directed that pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits should be vacated if direct review of the case remains pending or if the case is otherwise not final. [*Cook*,] at (4) (slip op. at 80-81)." *Rouzan v. State*, ___ Ga. ___ (2022 Ga. LEXIS 104) (Case No. S22A0199, decided April 19, 2022). As this case remains on direct review and is otherwise not yet final, we must vacate the trial court's September 3, 2020 order and remand for entry of the appropriate dismissal order. Moreover, any contention that the grant of an out-of-time appeal entitles Appellant to withdraw his guilty plea is without merit, both because the trial court has no authority to grant an out-of-time appeal in the first place and also pursuant to the Supreme Court's holding in *Schoicket*; accordingly, the dismissal of Appellant's motion to withdraw his guilty plea is affirmed. Appellant is advised that any further attempts to appeal his motion to withdraw his guilty plea will likely also be dismissed, and that future relief, if any, should be pursued through a petition for writ of habeas corpus. Appellant should be aware of the possible application of restrictions that apply to habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  05/27/2022

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.